**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1130
_____

AARON J. BRESSI,
Appellant

v.

NORTHUMBERLAND COUNTY COURT; SUPERIOR COURT OF
PENNSYLVANIA; SUPREME COURT OF PENNSYLVANIA; JUDGE PAIGE
ROSINI; DA ANTHONY MATULEWICZ; ADA ROBYN E. ZENZINGER;
PROTHONOTARY JAMIE SALESKI; MARSHA SCOFF, Esq.;
JOSEPH D. SELETYN, Esq.; JENNIFER TRAXLER, Esq.; CHIEF CLERK
ELIZABETH E. ZISK; AMY DREIBELBIS, Esq.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-22-cv-01878)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2024
_____

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 9, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Aaron J. Bressi is a Pennsylvania prisoner proceeding pro se. In November 2022, he commenced this civil-rights action against the Pennsylvania courts presiding over his post-conviction proceedings. He later added as defendants various judges, attorneys, and court clerks. He claimed that the defendants had violated his due process rights and committed "government negligence" by mishandling his pro se filings. The District Court dismissed the amended complaint on the ground that the defendants were immune from suit. Bressi appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the district court's dismissal of this action based on immunity. See Dotzel v. Ashbridge, 438 F.3d 320, 324–25 (3d Cir. 2006).

We will affirm. The District Court correctly concluded that, based on the allegations in the amended complaint, all twelve defendants were entitled to immunity. Specifically, the Supreme Court of Pennsylvania, the Superior Court of Pennsylvania, and the Northumberland County Court of Common Pleas are immune from suit under the Eleventh Amendment, see Benn v. First Jud. Dist. of Pa., 426 F.3d 233, 239–41 (3d Cir. 2005); the Honorable Paige Rosini, a judge of the Northumberland County Court of Common Pleas, is entitled to judicial immunity for the actions she took in her judicial capacity, see Stump v. Sparkman, 435 U.S. 349, 356–57 (1978); District Attorney Anthony Matulewicz and Assistant District Attorney Robyn E. Zenziger are entitled to absolute prosecutorial immunity for any work "intimately associated with the judicial phase of the criminal process," Fogle v. Sokol, 957 F.3d 148, 159–60 (3d Cir. 2020);

2

the state-court prothonotaries and deputy prothonotaries are entitled to quasi-judicial immunity for claims relating to their handling of court filings, see Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 772 (3d Cir. 2000); and Marsha Skoff, who served as a hearing officer for the Court of Common Pleas during Bressi's protection-from-abuse proceedings, is also entitled to quasi-judicial immunity, see id.

We have considered Bressi's arguments on appeal and conclude that they are meritless. Therefore, we will affirm.